**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Angel-Khalil Jones, | Case No. 2:25-cv-00765-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Unique Williams; et al., | |
| Defendants. | |

Pro se Plaintiff Angel-Khalil Jones filed an application to proceed *in forma pauperis* (meaning, to proceed without paying the filing fee). (ECF No. 1). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's application without prejudice.

**I.    Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial

status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

      Plaintiff's application does not contain sufficient information for the Court to find that Plaintiff is entitled to proceed without paying the filing fee. In response to question 2, Plaintiff claims to not be employed and to make no money from wages. In response to question 3, Plaintiff claims to make no income from any other source. In response to question 4, Plaintiff claims to have no money in a checking or savings account. However, in response to question 6, Plaintiff claims to have monthly expenses totaling $2,619.00. While Plaintiff later explains that he is "currently under bankruptcy," that does not tell the Court how he pays his monthly expenses considering his claims to make no money from any source.

      Additionally, Plaintiff does not completely answer question 5 or question 7. Question 5 requires that Plaintiff list any items of value and to describe "its approximate value." Plaintiff did not describe the approximate value of his vehicle. In response to question 7, Plaintiff lists three persons dependent upon him for support, and describes his relationship with each person, but does not describe "how much [he] contribute[s] to their support."

      Finally, Plaintiff's answer to question 8 is not responsive to the question. That question asks Plaintiff to describe any debts or financial obligations, the amounts owed, and to whom they are payable. Instead, Plaintiff writes that he is "currently under bankruptcy" and has a fee waiver in "8th Judicial Family Court." Plaintiff does not explain whether he owes any debts or financial obligations related to his bankruptcy or the case in family court.

Given these issues, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status. The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application on this Court's application. The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank. Plaintiff must describe each source of money that he receives, state the amount he received, and what he expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full. Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **July 24, 2025,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Court's application to proceed *in forma pauperis*.[1]

DATED: June 24, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.