**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Angel-Khalil Jones,

Plaintiff,

v.

Unique Williams, et al.,

Defendants.

Case No. 2:25-cv-00765-JAD-DJA

**Report and Recommendation**

On June 24, 2025, the undersigned magistrate judge denied Plaintiff's application to proceed *in forma pauperis* (meaning to proceed without paying the filing fee) and ordered Plaintiff to file a renewed application. (ECF No. 3). The undersigned gave Plaintiff until July 24, 2025, to file a renewed application and informed Plaintiff that "[f]ailure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed." Plaintiff missed the July 24, 2025, deadline and to date has not filed anything further on the docket.

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiff has not complied with the undersigned's order, the undersigned recommends dismissal of Plaintiff's case without prejudice. *See* Fed. R. Civ. P. 41(b); *see* LR IA 11-8(e). The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiff's failure to comply with a Court order impedes this goal. The second factor weighs in favor of dismissal because the Court's need to manage its

docket is thwarted by Plaintiff's failure to comply with a Court order or initiate this action by filing an amended complaint. The third factor weighs in favor of dismissal because the longer this case is carried on, the more witnesses' memories will fade and evidence may be lost. The fourth factor weighs in favor of Plaintiff, but does not outweigh the other factors. Fifth, there are no less drastic sanctions when Plaintiff has not complied with a Court order. Given the fact that Plaintiff has sought to proceed without paying the filing fee, monetary sanctions are not practical. Nor are other non-monetary sanctions an option if Plaintiff does not to follow Court orders. The fifth factor weighs in favor of dismissal. The undersigned thus recommends dismissing Plaintiff's case without prejudice. A dismissal without prejudice allows Plaintiff to file a new case with the Court, under a new case number.

**IT IS THEREFORE RECOMMENDED** that this case be **dismissed without prejudice.** The Clerk of Court is kindly directed to send a copy of this recommendation to Plaintiff.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: February 2, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE